# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

TRACY RENEE RUFFIN, and
DONALD FARABEE RUFFIN,

        Plaintiffs,

    v.

DELORES FARABEE,

        Defendant.

Civil No. 15-2696 (MJD/JSM)

**REPORT AND
RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on plaintiff Tracy Renee Ruffin's *pro se* application for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). [Docket No. 2]. The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that plaintiff Tracy Renee Ruffin's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte*." *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971), *cert. denied*, 405 U.S. 926 (1972), (citing *Louisville and Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added.)

The Court finds that subject matter jurisdiction does not exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332. Plaintiffs commenced this action by filing a complaint

seeking relief against defendant Delores Farabee for their share of an inheritance. Plaintiffs do not rely on any federal claims to establish subject matter jurisdiction but rather claim diversity as the basis for subject matter jurisdiction. However, it appears from the complaint and the civil cover sheet that both plaintiff Tracy Ruffin and the defendant live in Chicago, Illinois. Complaint, pp. 1-2 [Docket No. 1]; Civil Cover Sheet [Docket No. 1-2]. Diversity of citizenship exists only if there is complete diversity, which means that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (emphasis in original) ("diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant"). Here, plaintiff Tracy Ruffin lives in the same state as defendant. Accordingly, subject matter jurisdiction does not exist based upon diversity of citizenship.

Additionally, the plaintiffs appear to be demanding less than $75,000, which is the minimum amount that must be at issue under the diversity statute. 28 U.S.C. § 1332. On the Civil Cover Sheet, Docket No. 1-2, plaintiffs state that they are demanding $10,000 and in a description of the property at issue attached to the probate filing provided by plaintiffs, the "estimated proceeds" from the estate are $52,500. [Docket No. 1-1]. The only connection plaintiffs provide to Minnesota is under the venue section of the complaint where they state that the facts alleged occurred in Minnesota. Complaint, p. 3 [Docket No. 1]. The probate case at issue was filed in Hennepin County Court's Probate Mental Health Division in Minnesota. [Docket No. 1-1]. This fact alone – without either a federal law as the basis of the complaint or diversity of citizenship between the parties -- is not sufficient for plaintiffs to file in federal court.

For the reasons discussed above, the Court concludes that federal subject matter jurisdiction is not present in this case. Because there is no federal subject matter jurisdiction, plaintiffs' current lawsuit cannot be entertained in federal court. Therefore, the Court will recommend that plaintiff Tracy Renee Ruffin's IFP application be denied, and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[1]

**RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff Tracy Renee Ruffin's application for leave to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated: July 16, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 30, 2015**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.

---

[1] The Court's recommendation does not necessarily mean that plaintiffs have no actionable claim for relief; it simply means that they will have to pursue their claims in state court, rather than federal court. If plaintiffs believe they have a claim based on federal law, they could add that claim to their complaint and file in federal court in Illinois.